## CURRENT COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

204
### CYTLAK v. CLEVELAND RAILWAY CO.
Ohio Court of Appeals, Cuyahoga County
No. 4117. Jan. 15, 1923
This opinion has not been published except in Abstract

DEGREE OF CARE—(1) Effect of city ordinance defining degree of care to be exercised by a motorman—(2) Inconsistencies in charge to jury regarding.

SULLIVAN, P. J., Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

Cytak was riding in an automobile driven along Miles avenue, Cleveland, in the same direction as a street car, belonging to the Railw.., . J, ..u. will.e he machine was passing the ( . hereafter (the evidence on the point was conflicting) he car struck the machine. Injur.. on of the conflict of evidence the question of the degree of care to be exercised by the , important. A city ordinance, Sec. 1929-4, in effect at the time, provided that the motorman should "keep a vigilant watch for vehicles, pedestrians, etc., either on the tracks or moving toward them and, on the firsts appearance of danger . r person, said car shall be stopped in the shortest possible time and space." The trial .... a he jury that this ordinance did not increase the degree of care imposed on the motorman by law. Cytlak claims this charge to be preju..c.a.. The court further instructed the jury failure to obey the ordinance by the motorman would be negligence per se. Held by Court of Appeals in affirming judgment for the Railway Co.:

1. A city ordinance providing that a motorman shall upon the first appearance of danger to vehicles, persons, etc., stop his car in the shortest possible time and space does not enlarge the degree of care imposed on the motorman by law. The court distinguishes Leis v. Ry. Co. 101 OS. 162, where the ordinance did provide for the degree of care to be observed.

2. Inconsistencies in a charge by the court to a jury is not reversible error if no prejudice resulted to the complaining party and if substantial justice was done.

Attorneys—Howell, Roberts & Duncan, for Cytlak; Squire, Sanders & Dempsey, for Ry. Co.

205
### HECK v. AINSWORTH
Ohio Court of Appeals, Montgomery County
No. 498. Feb. 9, 1923
This opinion has not been published except in Abstract.

AUTOMOBILE—(1) Admission of evidence as to agency of son—(2) Refusal of court to give a requested charge as to preponderance of evidence which would have excluded other assignments of negligence.

ALLREAD, J.: Epitomized Opinion
Error to Montgomery Court of Common Pleas

Ainsworth recovered damages in a suit brought by her in the lower court where she claimed that he and two relatives, while walking along Salem avenue, near Dayton, were struck by Heck's automobile, driven by Heck's son. Ainsworth charged that Heck was negligent in that the car was driven at a dangerous speed, without sufficient lights, and that Heck failed to give proper warning of his approach. Heck claimed that the approach from the opposite direction of an automobile with glaring lights made it impossible for the driver of Heck's car to see the Ainsworths. Heck did not fully adm... his own liability for his son's negligence. Heck claims error in admission of evidence as to the agency of the son who drove the car, and also in the refusal of the court to charge, that, if Heck were to be found negligent it must be proved that under the circumstances mentioned, i. e., being blinded by the glaring light, he failed to stop immediately. Held by Court of Appeals in affirming the judgment:

1. Evidence as to the agency of a son is admissible when the answer of the party charged with the negligence does not fully admit the agency.

2. When several acts of negligence are charged to a defendant, and the defendant sets up one set of circumstances as a defense, a request by such defendant that the court instruct the jury, that defendant can only be shown to be negligent if he acted in a given manner under those circumstances, was properly refused. Such a charge would have excluded the assignment of negligence in respect to the other charges of negligence.

Attorneys—A. J. Dwyer, for Heck; Nevin & Kalbfus, W. H. Miller, for Ainsworth.

206
### ATLANTIC MACHINE AND MFG. CO. v. NIZINSKI
Ohio Court of Appeals, Cuyahoga County
No. 4200. Feb. 12, 1923
This opinion has not been published except in Abstract.

GUARANTEE—(1) Guarantor held strictly to contract—(2) Tender of goods—(3) Verdict not disturbed unless clearly against evidence.

PER CURIAM: Epitomized Opinion
Error to Municipal Court of Cleveland

The Mfg. Co. advertised an auto cultivator for sale, "sold on a money back guarantee" and announced its willingness to allow buyers to make their own test in their own way and if dissatisfied promised to receive back the cultivator, refunding the money paid. Nizinski bought and paid for the machine advertised but found that it was absolutely useless on his ground because the land was hilly and stony. Nizinski in a letter to the Mfg. Co. informed it of the trouble and asked for shipping directions to return the machine, as well as for a refund of the money. An agent of the Mfg. Co. investigated and found that, although mechanically perfect, the machine was useless, as claimed by Nizinski. He wrote another letter substantially identical with the previous one but the Mfg. Co. neglected to answer. Judgment for Nizinski in Municipal Court. Held by Court of Appeals in ........ing the lower court:

1. A guarantor is called upon to live up to the terms of his guarantee.

2. A letter asking for shipping directions to return a machine bought under a money back guarantee, or on trial, is a sufficient tender.

3. The trial court is in a better position to judge the weight of evidence than a reviewing court and, although there is conflicting evidence, unless the verdict is clearly against the weight of the evidence such verdict will not be disturbed

Attorneys—A. F. Counts, for Mfg. Co.; Ralph Blue, for Nizinski.